# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00078-CR

**The State of Texas, Appellant**

**v.**

**Suzanne Wolfe, Appellee**

## FROM COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
## NO. C-1-CR-03-642926, HONORABLE JAN BRELAND, JUDGE PRESIDING

## O P I N I O N

In this prosecution for driving while intoxicated (DWI), the State appeals from the trial court's order reconsidering and granting appellee Suzanne Wolfe's motion to suppress evidence. *See* Tex. Penal Code Ann. § 49.04 (West 2003). In a single issue on appeal, the State argues that the trial court erred in reconsidering the motion and granting suppression relief. We affirm the order of the trial court.

## BACKGROUND

The original hearing on Wolfe's motion to suppress evidence was held before a visiting judge on January 14, 2004. The sole witness was Deputy Craig Miller of the Travis County Sheriff's Office, who testified that at approximately 1:20 a.m. on July 7, 2003, he observed a black BMW driving with its tires straddling the solid white line dividing the roadway from the designated bicycle lane. Miller testified that after observing the vehicle straddle the white line for

approximately two-tenths of a mile, he initiated a traffic stop. During the traffic stop, Miller formed the opinion that Wolfe, the driver of the vehicle, was intoxicated and arrested her for DWI. During the suppression hearing, Wolfe orally amended her motion to limit the issues before the court to the question of whether Miller had reasonable suspicion to support the detention. Accordingly, the issue of whether Miller had probable cause to arrest Wolfe for DWI was not developed on the record.

At the conclusion of the suppression hearing, the trial court denied Wolfe's motion. On May 10, 2004, Wolfe filed a "Brief in Support of Defendant's Motion to Suppress." The case then remained pending for several years and was reset for trial multiple times. Finally, at a trial setting on January 28, 2009, the trial court, with a different judge presiding, reconsidered the denial of Wolfe's motion to suppress and granted her motion. No reporter's record was made of this proceeding. The trial court subsequently issued an order memorializing its ruling in order to provide the State with an appealable order. This appeal followed.

In a single issue on appeal, the State argues that the trial court erred in reconsidering and granting Wolfe's motion to suppress without providing the State with prior notice that the motion would be reconsidered on that particular date and without holding a second evidentiary hearing.

**DISCUSSION**

As a preliminary matter, we note that the State does not raise an issue on appeal regarding the merits of the motion to suppress, but argues that as a procedural matter, the trial court erred in reconsidering the motion five years after it was originally denied, without providing prior

2

notice or an evidentiary hearing. Thus, our analysis is limited to this procedural issue, and we do not address the question of whether Miller had reasonable suspicion to detain Wolfe.

This Court has held that because a motion to suppress is "nothing more than a specialized objection," a trial court is "free to reconsider its own earlier suppression ruling." *Montalvo v. State*, 846 S.W.2d 133, 137-38 (Tex. App.—Austin 1993, no pet.); *see also State v. Henry*, 25 S.W.3d 260, 262 (Tex. App.—San Antonio 2000, no pet.) (holding that ruling on motion to suppress is interlocutory and may be reconsidered). The State argues that while a trial court may reconsider its own suppression ruling, the trial court in this case improperly reconsidered the suppression ruling of a different, visiting judge. However, "judicial power is vested in courts, not individuals." *Davis v. State*, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997). While the motion to suppress was reconsidered by a judge other than the visiting judge who originally denied the motion, the suppression motion was both considered and reconsidered by the same county court at law. Thus, the trial court here acted within its discretion to reconsider its own earlier suppression ruling. *See Montalvo*, 846 S.W.2d at 137-38 (decision to reconsider previous ruling is matter of trial court's discretion).

The State further argues that the trial court erred in reconsidering the suppression ruling without providing the State with notice that the issue would be reconsidered at that particular proceeding. However, the record reflects that Wolfe's brief in support of her motion to suppress was filed May 10, 2004, after her motion was originally denied, and remained pending at the time the trial court reconsidered its ruling. Thus, the State was on notice that Wolfe sought reconsideration of her motion to dismiss and had ample opportunity to file a response to her suppression arguments.

For that matter, the State was on notice that the trial court had discretion to reconsider its suppression ruling at any time. *See Ex parte King*, 134 S.W.3d 500, 503 (Tex. App.—Austin 2004, pet. ref'd); *Montalvo*, 846 S.W.2d at 138.

We note also that the record does not reflect that the State ever objected to the trial court's reconsideration of the suppression ruling at the January 28, 2009 trial setting. The State's brief suggests that it could not have objected because the trial court improperly reconsidered the suppression issue "without the prosecutor present." Wolfe, on the other hand, asserts in her brief that "[t]he elected trial judge took up [Wolfe's] motion, reconsidered and granted suppression in open court. A County Attorney for Travis County prosecutor was assigned to that court and present then." (emphasis omitted). There is no reporter's record to resolve this discrepancy.[1]

In any event, there is no indication in the record that the State ever presented its lack-of-notice complaint to the trial court by a timely request, objection, or motion, either at the trial setting or after the trial court's order was issued. Instead, the State raises its notice argument for the first time on appeal. By failing to present this issue to the trial court, the State has waived its complaint. *See* Tex. R. App. P. 33.1(a) (complaint must be made to trial court by timely request, objection, or motion in order to preserve complaint for appellate review); *see also Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (explaining that party must present complaint to trial court in order to preserve error because "[t]his gives the trial judge and the opposing party the

---

[1] The trial court's docket sheet indicates that the matter was set for trial before the court "w/witness[es]" on January 28, 2009. The record also reflects that the State requested that subpoenas be issued for Miller and other law enforcement witnesses, requiring them to appear on January 28, 2009.

4

opportunity to correct the error"); *Texas v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998) ("Ordinary notions of procedural default should apply equally to the defendant and the State.").

Similarly, the State argues for the first time on appeal that the trial court erred in granting the motion to suppress without conducting a second evidentiary hearing. Like the notice argument, this argument was never presented to the trial court and is therefore waived. *See* Tex. R. App. P. 33.1(a). Furthermore, it is unclear what the trial court may have heard or reviewed in reconsidering the suppression issue, as there is no record of the proceeding and the State did not request findings of fact and conclusions of law.[2] Even if it would be error for a trial court to reconsider a motion to suppress without hearing additional evidence, there is simply nothing in the record before us to indicate that the trial court did so in this case.

In the alternative, the State argues that in the absence of a second evidentiary hearing, the trial court should have given "almost total deference" to the implied fact findings of the visiting judge. Again, because there is no record and no findings of fact or conclusions of law, we do not know whether or not the trial court deferred to the implied fact findings of the visiting judge. It is altogether possible that the trial court deferred to such findings, but nevertheless determined that the original suppression ruling was based on an erroneous conclusion of law, as Wolfe argued in her brief in support of the motion to suppress. Second, the trial court was not acting as an appellate court, reviewing the original suppression ruling under the hybrid standard of review applied by

---

[2] Had the State made such a request, the trial court would have been obligated to make findings of fact and conclusions of law. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) ("[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings.").

5

appellate courts to trial court rulings on motions to suppress. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Rather, the trial court in this case was simply exercising its discretion to reconsider a prior interlocutory ruling. The appellate standard of review is inapplicable. Finally, this issue was raised for the first time on appeal and therefore has not been properly preserved for appellate review. *See* Tex. R. App. P. 33.1(a).

We overrule the State's issue on appeal and affirm the order of the trial court.

## CONCLUSION

We affirm the trial court's order.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: July 9, 2010

Publish

6