The STATE of Texas, Appellant

v.

Victoria Mari VELASQUEZ, Appellee

No. 04–15–00239–CR

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: February 3, 2016

Neil A. Calfas, Law Office of Neil Calfas, San Antonio, TX, for Appellant.

Laura Durbin, Nathan Morey, Bexar County District Attorney's Office, San Antonio, TX, for Appellee.

Sitting: Sandee Bryan Marion, Chief Justice, Marialyn Barnard, Justice, Patricia O. Alvarez, Justice

## OPINION

Opinion by: Patricia O. Alvarez, Justice

This case stems from the trial court's grant of Appellee Victoria Velasquez's motion to suppress. Because we conclude that Texas Code of Criminal Procedure article 28.01 requires the trial court to provide the defendant, defense counsel, and the State notice to appear before the court at the time and place for a pre-trial motion to suppress, we reverse the trial court's grant of Velasquez's motion to suppress and remand this matter to the trial court for further proceedings consistent with this opinion. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006).

### FACTUAL AND PROCEDURAL BACKGROUND

Velasquez was charged by information with intentionally or knowingly possessing a usable quantity of marijuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a) (West 2010). On April 13, 2015, the trial court granted Velasquez's motion to suppress and this appeal ensued.

### A. Procedural History

The case was originally set for jury trial on February 23, 2015. On the State's first motion for continuance, the case was reset for trial on April 13, 2015. On February 26, 2015, Velasquez filed approximately sixteen pre-trial motions, including a motion to suppress asserting Velasquez was searched without a valid warrant. Attached to the motion to suppress was a request for a pre-trial hearing. The request for a hearing was never urged by Velasquez and the motion was never set for a hearing by the trial court.

Although the record is silent on announcements, both parties maintain that on April 13, 2015, the State and Velasquez announced ready for trial. The record, however, opens with the trial court's declaration:

Cause 478295, The State of Texas versus Victoria Mari Velasquez. This is a motion to suppress. Defense, what is your basis for the motion to suppress?

Velasquez's counsel replied as follows:

Your Honor, I believe that Ms. Velasquez was illegally detained and illegally searched. She was in a park minding her own business with her boyfriend. The car was legally parked. She had left her purse in the vehicle. A Park Ranger apparently was patrolling the area, saw the purse, waited at the car for her to come back with her boyfriend. When they arrived back at the car, the Park Ranger asked them what they were doing in the park. They said, "Walking around." He claims he smelled the odor of marijuana. He asked them if they had been smoking marijuana. The boyfriend said that he had and he handed a pipe. The Park Ranger then asked her, before reading her *Miranda* warnings, whether or not she had anything, and she said there was something in her purse, inside the locked vehicle. And he then asked them to open the vehicle and searched the purse and found marijuana.

The State acknowledged receipt of Velasquez's motion to suppress, but lodged several objections to a pre-trial hearing on the motion based on lack of notice;

...I think that the State is afforded, first of all, notice, which we don't have.

. . . .

I'm going to object to no notice for the motion to suppress . . .

. . . .

...I received no notice that we were having a motion to suppress hearing.

In response to the State's argument that "motions to suppress in our court run with

trial," the trial court instructed the State of its intentions:

> ....We're running [the motion to suppress] right now because you don't want to tell me your side of the story without having a motion to suppress, so we're having a motion to suppress. Do you want to tell me your side of the story or not?

The prosecutor declined to offer the police report or further evidence other than calling the officers to testify, and the trial court granted Velasquez's motion to suppress.

## B. Trial Court's Findings of Fact and Conclusions of Law

The trial court made the following findings of fact and conclusions of law.

### Findings of Fact

1. Defendant Victoria Marl Velasquez was arrested for the offense of Possession of Marihuana 0–2 ounces on or about the 14th day of December 2014.

2. The court takes judicial notice of the contents of the court's file and notes that this was a warrantless arrest. The court also takes judicial notice that 16 motions, including the Motion to Suppress Evidence, were filed with the court on February 26, 2015.

3. The court called the case and made it clear of its intention to hear the Motion to Suppress which was on file. The State was presented the opportunity to present evidence but refused to offer any evidence, including the police report of the offense alleged in this case. The State also acknowledged that they bore the burden of proof in this Motion to Suppress.

### Conclusions of Law

Based on the above Findings of Fact, the Trial Court concludes that the search and arrest in this case was illegal, since conducted without a valid warrant, probable cause or reasonable suspicion, in violation of the Fourth and Fourteenth Amendments of the United States Constitution, Article 1 § 9 of the Texas Constitution and Article 38.23 of the Texas Code of Criminal Procedure, as well as Chapter 14 of the Texas Code of Criminal Procedure.

The trial court has judicial discretion as to how to run its dockets and cases. In particular, the decision to set an article 28.01 hearing or motion to suppress is not mandatory, but within the trial court's discretion. *Calloway v. State*, 743 S.W.2d 645, 649 (Tex.Crim.App. 1998), *State v. Reed*, 888 S.W.2d 117, 119 (Tex.App.—San Antonio, no pet.). The court in this case, called the case for the suppression motion to be heard prior to trial.

"When a hearing on the motion to suppress is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court." TEX. CODE CRIM. PROC. ANN. art 28.01 Sec. 1(6) (Vernon 2013). "The statutory rule states that a motion to suppress 'may' be resolved by considering different possible means of acquiring information. It does not state that the motion 'shall be' or 'must be' resolved by these specific means. There is no suggestion in the plain language of the rule that this is an exhaustive list." *Ford v. State*, 305 S.W.3d 530, 538 (Tex.Crim.App.2009). 28.01 Section 1(6) uses the word "or" when listing the ways in which the court may determine the merits of a motion. Applying the same "plain language"

analysis as applied in *Ford*, if the court was required to allow all means of proof in a hearing, the legislature could have used the word "and." "The trial court may conduct the hearing based on motions, affidavits, or testimony, but there is nothing in the statute to indicate that it must. It is merely an indication that such hearings are informal and need not be full-blown adversary hearings conducted in accord with the rules of evidence." *Id.* at 540. "Although it is better practice to produce the witness or attach the documentary evidence to an affidavit, art 28.01 § 1(6) did not create a 'best evidence' rule that mandates such a procedure in a motion to suppress hearing." *Id.* at 541.

The State in this case was afforded an opportunity to offer a police report or other evidence for purposes of the hearing. The State in fact *refused* to put on *any* evidence whatsoever.

The court GRANTS Defendant's Motion to Suppress.

In its sole issue on appeal, the State contends the trial court improperly held the pre-trial hearing without notice to the State.

### ARGUMENTS OF THE PARTIES

The State contends Texas Code of Criminal Procedure article 28.01 requires notice be given to the parties before the trial court holds a hearing on a motion. *See* TEX.CODE OF CRIM. PROC. ANN. art. 28.01. The State argues it did not have any notice, much less adequate notice, that the trial court intended to hear the motion prior to the trial.

Velasquez counters the State did not request a continuance, but instead argued with the trial court on how the motion to suppress should be conducted. More specifically, Velasquez contends that when the State announces ready for trial, the State

is announcing that it is ready for all pending motions, as well as to proceed with the trial on the merits. In other words, if the State announces ready for trial, the State is announcing ready for all motions and witnesses—"ready for trial is ready for everything."

### TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 28.01

### A. Standard of Review

█ The question before this court is whether Texas Rule of Criminal Procedure article 28.01 § 1 requires the trial court to provide the State with notice prior to holding a hearing. "The amount of deference appellate courts afford a trial court's rulings depends upon which 'judicial actor' is better positioned to decide the issue." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim.App.2004) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997)); *State v. Brown*, 314 S.W.3d 487, 489 (Tex. App.—Texarkana 2010, no pet.). Whether article 28.01 requires notice to the State requires interpretation of a statute and is thus a question of law. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex.Crim.App. 2015) (citing *Clinton v. State*, 354 S.W.3d 795, 799 (Tex.Crim.App.2011)); *see also Bartlett v. State*, 249 S.W.3d 658, 671 (Tex. App.—Austin 2008, pet. ref'd) ("Whether a charging instrument provides sufficient notice to the accused is a question of law that we review de novo."); *State v. Barbernell*, 257 S.W.3d 248, 251–52 (Tex.Crim.App. 2008) (same); *Moff*, 154 S.W.3d at 601 (same); *Hankins v. State*, 85 S.W.3d 433, 437 (Tex.App.—Corpus Christi 2002, no pet.) (same); *Janecka v. State*, 823 S.W.2d 232, 236 (Tex.Crim.App.1990) (deciding failure to provide "some requisite item of 'notice'" in the charge regarding identity of the remunerator was a question of law).

█ "When the resolution of a question of law does not turn on an evaluation of

the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a *de novo* review of the issue." *Moff*, 254 S.W.3d at 601; *accord Morrison v. State*, 71 S.W.3d 821, 827 (Tex.App.—Corpus Christi 2002, no pet.) (determining "application of law to facts questions that do not turn upon credibility and demeanor" are reviewed de novo). In the present case, because we are called upon to determine whether the statute required the trial court to provide the State with notice of a hearing, "the trial court was in no better position than an appellate court to decide this issue." *Moff*, 154 S.W.3d at 601. We, therefore, apply a de novo review to whether the trial court erred in failing to provide the State notice under article 28.01 section 1. *See* Tex.Code Crim. Proc. Ann. art. 28.01, § 1.

## B. Preservation of Error

Contrary to Velasquez's contention, the record clearly shows the State repeatedly objected to the trial court's proceeding with the motion to suppress without notice of such. *See* Tex.R.App. P. 33.1. On three different occasions, the State's objections were sufficiently clear to make the trial court aware that the State did not have notice. *See Reyna v. State*, 168 S.W.3d 173, 177 (Tex.Crim.App.2005); *see also Ford*, 305 S.W.3d at 533. Although many of the State's objections were focused on whether the State had the right to present witnesses, the prosecutor was clearly objecting to the actual hearing itself. *See Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim.App.2009); *see also Ford*, 305 S.W.3d at 533 (finding parties need not recite "magic words" to preserve error).

## C. Texas Code of Criminal Procedure Article 28.01

This appeal requires a determination of whether the hearing before the trial court was a pre-trial hearing pursuant to article 28.01. Tex. Code Crim. Proc. Ann. art. 28.01.

The record reflects the matter was "set for trial," but the record is void of any evidence that the trial court called the case for trial. During the hearing, the trial court was adamant that pursuant to *Ford*, 305 S.W.3d at 539, it had the authority to determine the merits on the motion and arguments of counsel, and that it was not required to allow the State to present oral testimony.

*1.* Ford v. State *Limited to Pre–Trial Hearings*

■ In *Ford v. State*, the Texas Court of Criminal Appeals held that, "[a] trial judge may use his discretion in deciding what type of information he considers appropriate and reliable in making his pretrial ruling." *Id.* The court continued, "[a]lthough it is better practice to produce the witness or attach the documentary evidence to an affidavit, art. 28.01, § 1(6), did not create a 'best evidence' rule that mandates such a procedure in a motion to suppress hearing." *Id.* Whether a trial court allows testimony or conducts a motion to suppress in accordance with *Ford* is solely within the trial court's discretion; however, hearings conducted pursuant to *Ford* are pre-trial hearings. *Id.* at 537. Other courts citing *Ford* as authority for the type of evidence utilized during a motion to suppress are all pre-trial motions to suppress. *See, e.g., Pineda v. State*, No. 13–13–00574–CR, 2015 WL 5311237, at *2 (Tex.App.—Corpus Christi Sept. 10, 2015, no pet.) (mem. op., not designated for publication) (identifying the type of evidence utilized during a *Ford* motion to suppress hearing), *Wall v. State*, No. 02–13–005–52– CR, 2015 WL 2169307, at *4 (Tex.App.—

Fort Worth May 7, 2015, pet. ref'd) (mem. op., not designated for publication) (same); *Schultz v. State*, 457 S.W.3d 94, 98 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (same); *Murray v. State*, No. 05–12–00922–CR, 2014 WL 316604, at *2 (Tex. App—Dallas Jan. 29, 2014, no pet.) (mem. op., not designated for publication) (same); *Garcia v. State*, 327 S.W.3d 243, 247 (Tex. App.—San Antonio 2010, no pet.) (same).

The *Ford* opinion followed a series of opinions explaining that because a motion to suppress is a determination of preliminary questions, absent exceptions of privilege, neither evidentiary rules nor the Confrontation Clause are applicable. *See Vennus v. State*, 282 S.W.3d 70, 72 n. 1 (Tex.Crim.App.2009) (citing *Granados v. State*, 85 S.W.3d 217, 226–30 (Tex.Crim. App.2002)) ("[T]he rules of evidence do not apply to suppression hearings."); *Graves v. State*, 307 S.W.3d 483, 489 (Tex.App.—Texarkana 2010, pet. ref'd) (evidentiary rules); *Vanmeter v. State*, 165 S.W.3d 68, 74 (Tex.App.—Dallas 2005, pet. ref'd) (Confrontation Clause). We, therefore, conclude that a hearing conducted pursuant to *Ford v. State*, 305 S.W.3d at 539, is limited to pre-trial hearings where the trial court is making determinations on preliminary questions.

#### 2. The Trial Court's Explanation

The trial court specifically said the motion to suppress hearing was *not* being carried with trial and that the trial court intended to proceed with the article 28.01, section 1(6) hearing at that moment. TEX. CODE CRIM. PROC. ANN. art. 28.01.

> [W]e're not running this one with the trial.
>
> . . . .
>
> Per *Ford v. State*, I'm not going to let you call any witnesses. I don't have to, and I'm not going to.

We interpret the trial court's explanation as evidence that the trial court considered the hearing a pre-trial matter. *See id.* art. 28.01, § 1(6); *see also Ford*, 305 S.W.3d at 533 (allowing the trial court to proceed without oral testimony or cross-examination *in a pre-trial suppression hearing*); *Bishop v. State*, 85 S.W.3d 819, 822 (Tex.Crim.App.2002) (allowing the trial court discretion in determining the merits of a motion to suppress). Additionally, the trial court's conclusions of law specifically refer to article 28.01 and its application under *Ford*. *See Ford*, 305 S.W.3d at 533.

Having determined the trial court proceeded with the pre-trial motion to suppress, we turn to the applicable section of article 28.01. *See* TEX. CODE OF CRIM. PROC. ANN. art. 28.01.

#### D. Application of Texas Code of Criminal Procedure Article 28.01

■ Whether the State is entitled to notice of a hearing on a pre-trial motion to suppress is an issue of first impression. We must therefore look to the plain language of the statute. *See Reinke v. State*, 348 S.W.3d 373, 374 (Tex.App.—Austin 2011), *aff'd*, 370 S.W.3d 387 (Tex.Crim. App.2012) (looking to the statute's plain meaning when faced with an issue of first impression); *State v. Mason*, 980 S.W.2d 635, 638 (Tex.Crim.App.1998).

Article 28.01 provides as follows:

> Sec. 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing

shall be to determine any of the following matters:

. . . .

(6) Motions to suppress evidence—When a hearing on the motion to suppress evidence is granted, the court may determine the merits of said motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the discretion of the court;

*Id.* art. 28.01, § 1(6).

The Code of Criminal Procedure does not require the trial court to set a motion to suppress for a hearing prior to trial. *See Ford,* 305 S.W.3d at 534–35; *see also Calloway v. State,* 743 S.W.2d 645, 649 (Tex.Crim.App.1988). However, when a trial court determines a matter should be heard prior to trial on the merits, article 28.01 requires the trial court to "direct the defendant and his attorney, if any of record, *and the State's attorney,* to appear before the court *at the time and place stated in the court's order* for a conference and hearing." TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1 (emphasis added).

We, therefore, conclude that because the trial court proceeded with Velasquez's motion under the auspices of article 28.01, the trial court was required to provide the State with notice of the hearing. Here, the trial court provided no notice to the State. The dissent relies on *State v. Wolfe,* 440 S.W.3d 643 (Tex.App.—Austin 2011, pet. ref'd), to conclude that service of Velasquez's motion to suppress, coupled with the trial setting, constituted notice to the State that the trial court would hold a pre-trial hearing prior to the commencement of trial. *Wolfe,* however, is distinguishable.

Pursuant to Wolfe's motion to suppress, a visiting judge heard testimony from the Travis County Sheriff's Office deputy who initiated the stop in question. *Id.* at 644.

The visiting judge denied the motion to suppress. *Id.* Five years later, when the case was finally called for trial, defense counsel requested the trial court, with a different judge presiding, to reconsider the motion to suppress. *Id.* The trial court granted the motion. *Id.* On appeal, the State argued "the trial court erred in reconsidering and granting Wolfe's motion to suppress without providing the State with prior notice that the motion would be reconsidered on that particular date and without holding a second evidentiary hearing." *Id.* The appellate court held as follows:

While the motion to suppress was reconsidered by a judge other than the visiting judge who originally denied the motion, the suppression motion was both considered and reconsidered by the same county court at law. Thus, the trial court here acted within its discretion to reconsider its own earlier suppression ruling.

*Id.* at 644–45.

Article 28.01 only applies to the following pre-trial matters: (1) arraignment of the defendant and appointment of counsel; (2) defendant's pleadings; (3) special pleas; (4) exceptions to the form or substance of an indictment; (5) motions for continuance; (6) motions to suppress; (7) motions for change of venue; (8) discovery issues; (9) entrapment; and (10) motions for appointment of an interpreter. *See* TEX. CODE OF CRIM. PROC. ANN. art. 28.01. Unlike Velasquez's motion to suppress, Wolfe's motion to reconsider was not a motion controlled by article 28.01. Thus, the requirements of article 28.01 were neither considered by the *Wolfe* court nor applicable to the State's complaint. *See Wolfe,* 440 S.W.3d at 644.

Additionally, in *Wolfe,* the trial court's actions stemmed from a motion for recon-

sideration of a trial court's previous ruling following a contested hearing; Wolfe's motion to reconsider and Velasquez's pre-trial motion to suppress are procedurally disparate. *See id.* at 644–45. Finally, the *Wolfe* opinion specifically notes that because "the State [never] objected to the trial court's reconsideration of the suppression ruling" at the trial setting, the State failed to preserve error regarding its "lack-of-notice complaint." *Id.* at 645. As such, *Wolfe*'s holding was specifically limited to the trial court "exercising its discretion to reconsider a prior interlocutory ruling." *Id.* at 646. Accordingly, *Wolfe* is inapplicable to the case at hand. Based on a plain reading of article 28.01, we conclude the trial court erred by proceeding with the pre-trial motion to suppress hearing without notice to the State. *See Reinke*, 348 S.W.3d at 374. Accordingly, we reverse the trial court's order granting Velasquez's motion to suppress and remand this matter to the trial court for further proceedings consistent with this opinion.

Dissenting Opinion by: Marialyn Barnard, Justice

I respectfully dissent and would affirm the trial court's order granting Velasquez's motion to suppress. Although I agree with the majority that article 28.01 requires the trial court to provide the defendant, defense counsel, and the State's attorney with notice of the time and place of a pretrial hearing, I believe the State was on notice that the trial court had discretion to consider the defendant's pending motion to suppress at the April 13, 2015 trial setting. I also believe article 28.01 of the Texas Code of Criminal Procedure (the "Code") does not entitle the State to notice of "what kind of evidence the judge will consider" at a motion to suppress hearing.

A review of the record reveals this case was originally set for trial on February 23, 2015, but then was reset for trial on April 13, 2015. At the trial setting on April 13, 2015 but prior to the commencement of trial, the trial court considered Velasquez's motion to suppress, which had been filed approximately six weeks earlier on February 26, 2015. When asked for its argument, the State objected to having the hearing because it did not have notice that a hearing on the motion to suppress would be held at that time and the trial court did not permit the State to call two witnesses, who were not present at that moment but were available to call, to testify. In support of its argument, the State relied on article 28.01 of the Code. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 (West 2006).

As noted by the State and the majority, this case is understandably one of first impression because the meaning of the notice requirement outlined in article 28.01 of the Code has never been before our Texas courts. On appeal, the State argues article 28.01 of the Code requires the trial court to give the State notice of two things: (1) the date and time of a pre-trial hearing on a motion to suppress, and (2) the type of evidence to be considered at a pre-trial hearing.

Section 1 of article 28.01 of the Code reads:

> The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing.

*Id.* art. 28.01, § 1. Section 1 goes on to list the type of matters—including, as is relevant here, a motion to suppress—to be determined at the hearing. *Id.* art. 28.01, § 1(6). When reviewing the plain lan-

guage of section 1, I believe it is a general, discretionary provision. *See Ford v. State,* 305 S.W.3d 530, 537 n.26 (Tex.Crim.App. 2009); *Calloway v. State,* 743 S.W.2d 645, 649 (Tex.Crim.App.1998). In other words, the question of whether to hold a pretrial hearing on a motion to suppress is within the discretion of the trial court. *See Ford,* 305 S.W.3d at 537 n. 26; *Calloway,* 743 S.W.2d at 649. If the trial court decides to hold a hearing, section 1 then requires the trial court to provide the defendant, his attorney, and the State's attorney with the time and place of the hearing. Here, the record reflects the parties were directed to appear on April 13, 2015 for trial. The record also reflects Velasquez filed a motion to suppress on February 26, 2013, and the motion was still pending on April 13, 2015—the trial setting date and the date at which both parties were directed to appear. Based on these facts, I believe the State was on notice that the pending motion to suppress could be considered by the trial court at that time on the date of trial.

It seems that both the State and the majority believe article 28.01 entitled the State to *additional* notice that the pending motion would be considered at the April 13, 2015 proceeding. I do not agree. My belief—that additional notice is not required by article 28.01—is supported by a decision from one of our sister courts, which held the State is on notice of a trial court's discretion to consider pending matters *at a trial setting* prior to the commencement of trial. *See State v. Wolfe,* 440 S.W.3d 643, 645 (Tex.App.—Austin 2011, pet. ref'd).

In *State v. Wolfe,* Wolfe filed a Brief in Support of Defendant's Motion to Suppress on May 10, 2004. *Id.* at 644. The case remained pending for several years and was reset for trial several times. *Id.* Then, on January 28, 2009—five years la-

ter and the trial setting date—the trial court considered Wolfe's motion as a pending matter. *Id.* The State appealed, arguing it was entitled to prior notice that the matter would be considered on that particular date; however, the court of appeals concluded the State was on notice the trial court might consider the brief at the trial setting. *Id.* I believe *State v. Wolfe* is instructive in this case.

Here, the State acknowledges it was served with Velasquez's motion to suppress prior to the trial reset date, and it was aware the case was reset for trial on April 13, 2015. Thus, I believe the State was on notice Velasquez sought to suppress evidence and the trial court had discretion to hold a hearing on the pending motion prior to the commencement of trial at the April 13, 2015 trial setting. *See id.* at 645.

The State also seems to suggest that implicit in the language of article 28.01, the State is entitled to notice of the type of evidence to be heard at the hearing. The State reasons there is a well-recognized public policy argument supporting such a notice requirement. The State specifically argues that "an interpretation of article 28.01 allowing a trial court to hold a suppression hearing limited to documents without notice would seriously undermine this sound public policy." The State seems to believe the trial court, based on public policy grounds, should give notice as to what type of evidence the trial court will permit even though section 1 specifically states such a determination is within the trial court's discretion. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1(6).

As discussed above, section 1 is a discretionary provision with regard to whether a hearing will be held as well as to what type of evidence will be considered. *See id.* With regard to motion to suppress hearings, section 1(6) specifically states that

"the court may determine the merits of [a] motion [to suppress] on the motions themselves, or upon opposing affidavits, or upon oral testimony." *See id.* It is well established that under article 28.01, section 1(6) the trial court may use its discretion as to the type of evidence to be considered. *See Ford,* 305 S.W.3d at 541 (commenting that although it is better practice to produce witness testimony, there is no best evidence rule mandating procedure in motion to suppress hearing). The State's public policy argument that article 28.01 requires the trial court to give notice of the type of evidence that will be considered at a hearing is a separate issue from the issue of notice concerning the time and place of a pre-trial hearing. Such a public policy determination is best suited for the legislature, and under the current language of section 1, there is no requirement for the trial court to give the State notice of the type of evidence to be considered at the hearing. *See* Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6).

With regard to section 2 of article 28.01, it provides that once a criminal case is set for pre-trial hearing, then the defendant—not the State—is entitled to notice of preliminary matters not raised or filed seven days before the hearing. *See id.* art. 28.01, § 2. Section 2 states:

> When a criminal case is set for such pretrial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters. The record made at such pretrial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits.

*Id.* Section 2 applies specifically to the defendant with regard to "matters not raised or filed before the hearing." *Id.* Nowhere in the section is the trial court required to provide notice to the State, and I decline to impose such a requirement where one is not stated. *See id.*

Next, section 3 addresses the type of notice that shall be sufficient for section 2 notice, listing announcement in open court, personal service, or mail. *Id.* art. 28.01, § 3. However, like section 2, section 3 is limited to the defendant with regard to "preliminary matters not raised or filed before the hearing." *Id.* The State is never mentioned.

Accordingly, based on the foregoing, I believe the State was on notice of Velasquez's pending motion to suppress and the trial court was within its discretion to hear the matter at the trial setting. *See id.* art. 28.01, § 1; *Wolfe,* 440 S.W.3d at 645. Moreover, article 28.01 does not impose an additional notice requirement to the State concerning the type of evidence to be discussed at the hearing as such a determination is within the trial court's discretion. *See* Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6). Accordingly, I would affirm the trial court's order granting the motion to suppress.