

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00091-CR

_____

KOURTNEY ATKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 16F-0572-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In mid-2016, Texarkana, Texas, Police Officer Johnny Lee Bailey, Jr., responded to a report of a disturbance at the residence of Marilyn Eason. When Bailey arrived at Eason's residence, he saw Eason, Eason's son (Kourtney Atkins), and a small child in a car seat on the front porch, where Atkins and Eason were exchanging heated words with each other. After a brief struggle, which included all adults present and during which Atkins tossed an item inside the house, Atkins was secured in the patrol car.

What happened after Atkins was placed in the patrol car is subject to conflicting testimony, but Bailey's version is that Eason consented to Bailey looking inside the residence for whatever Atkins tossed there. Bailey's testimony that Eason gave him consent to search inside the house was the subject of Atkins' objections at trial and his arguments here on appeal that such testimony was improper hearsay and violated Atkins' confrontation rights. Because pretrial proceedings such as this suppression hearing do not support confrontation claims or the exclusion of hearsay, we affirm Atkins' conviction and sentence.[1]

In his testimony, Bailey recounted Eason's report that Atkins did not have permission to be at the house and she wanted him to leave; however, Eason had testified at the suppression hearing that Atkins and his infant son, her grandson, lived with her.[2] Atkins was not following the

---

[1]Atkins was indicted for possession of between four and 200 grams of a controlled substance. The trial court denied Atkins' pretrial motion to suppress the drugs found as a result of the search. After a jury trial, Atkins was found guilty, the offense was enhanced by a prior felony conviction found true by the jury, and the trial court sentenced Atkins to life in prison.

[2]Eason said she had someone contact the police because Atkins was threatening to take his son, leave her house, and live on the streets.

officer's instructions, so Bailey pushed the door to prevent Atkins from entering the house. Bailey saw "somewhat of a white and orange [object], similar to what a pill bottle would be[,]" in Atkins' right hand, the hand pinned by the door. When Bailey and another officer were struggling with Atkins to try to get him under their control, Atkins, using his right hand, threw something hard into the house. Bailey's subsequent search inside the house yielded a pill bottle that proved to contain methamphetamine.

On appeal, Atkins contends that the trial court erred in denying his motion to suppress because Bailey's testimony at the suppression hearing was hearsay and violated Atkins' rights under the Confrontation Clause.[3] We affirm the trial court's judgment because neither the Texas Rules of Evidence nor the Confrontation Clause apply in a suppression hearing.

Except as they would apply to privileges, the Texas Rules of Evidence do not apply during suppression hearings because such hearings involve preliminary questions. TEX. R. EVID. 104(a); *see Vennus v. State*, 282 S.W.3d 70, 72 n.1 (Tex. Crim. App. 2009); *Granados v. State*, 85 S.W.3d 217, 227 (Tex. Crim. App. 2002);[4] *Campbell v. State*, 910 S.W.2d 475, 480 (Tex. Crim. App. 1995) (hearsay admissible at suppression hearings to establish probable cause); *Murphy v. State*,

---

[3]The admission of hearsay violates a defendant's Sixth Amendment right of confrontation unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004).

[4]In *Granados*, appellant complained that, at the suppression hearing, the trial court erred in admitting into evidence a police officer's testimony of what another officer told him about what the victim's family said about the victim's whereabouts. *Granados*, 85 S.W.3d at 226–27. Granados claimed that testimony constituted inadmissible hearsay. *Id*. at 227. The court concluded that the officer's testimony, in which "he testified as to the facts that he . . . believed constituted probable cause," was not hearsay and, thus, was admissible. *Id*. at 230. Moreover, the court noted that the testimony would have been admissible, even if it had been hearsay, because courts are permitted to rely on hearsay and other inadmissible evidence in suppression hearings even though it would not otherwise be admissible at trial. *Id*. at 227 n.29 (citing *United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.")).

640 S.W.2d 297, 299 (Tex. Crim. App. 1982) (hearsay admissible to show consent to search), *declined to follow on other grounds by Atkinson v. State*, 823 S.W.2d 21, 25–26 (Tex. Crim. App. 1996); *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd).

The leading cases on the Confrontation Clause, such as *Melendez-Diaz* and *Crawford*, involve the admissibility of evidence against an accused at trial, not in a preliminary hearing. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309 (2009); *Crawford*, 541 U.S. at 38, 53–54; *see also United States v. Campbell*, 743 F.3d 802 (11th Cir. 2014) ("[T]he Supreme Court has never extended the reach of the Confrontation Clause beyond the confines of a trial."). Thus, the right of confrontation does not apply to a pretrial suppression hearing. *State v. Velasquez*, 487 S.W.3d 661, 666 (Tex. App.—San Antonio 2016, pet. granted); *Graves*, 307 S.W.3d at 489; *Ford v. State*, 268 S.W.3d 620, 621 (Tex. App.—Texarkana 2008), *rev'd on other grounds by* 305 S.W.3d 530, 534 (Tex. Crim. App. 2009); *Vanmeter v. State*, 165 S.W.3d 68, 74 (Tex. App.—Dallas 2005, pet. ref'd); *but see Curry v. State*, 228 S.W.3d 292, 298 (Tex. App.—Waco 2007, pet. ref'd) (disagreeing with *Vanmeter*, finding Confrontation Clause applies in a pretrial suppression hearing).

Thus, Atkins' complaint—that the trial court erred in denying his motion to suppress because the officer's testimony constituted hearsay under the Texas Rules of Evidence and violated his constitutional rights under the Confrontation Clause—fails. We overrule this point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     December 18, 2017
Date Decided:       December 28, 2017

Do Not Publish