

# NUMBER 13-19-00550-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

EDWARD PEREZ PUENTES,                                      **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

A jury found appellant Edward Perez Puentes guilty of driving while intoxicated (DWI), third offense or more, a third-degree felony, which was enhanced to a second-degree felony because Puentes pleaded guilty to enhancement paragraphs alleging prior DWI convictions. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b). By two issues, Puentes

argues that the trial court erred by (1) granting the State's motion to reconsider the suppression of evidence without holding a hearing; and (2) failing to make written findings of fact and conclusions of law. We affirm.

## I. BACKGROUND

On November 24, 2017, Puentes was pulled over by Texas Department of Public Safety Troopers Jacob Gonzalez and Javier Veliz and arrested for DWI. In May 2019, Puentes filed a motion to suppress evidence obtained from the traffic stop on the basis that Troopers Gonzalez and Veliz "lack[ed] probable cause to conduct the initial traffic stop leading to [the] arrest and seizure of evidence, including breathalyzer and blood evidence."

A hearing was held on the motion on June 27, 2019. Troopers Gonzalez and Veliz were not present at the hearing. The State introduced an affidavit from Trooper Gonzalez and the offense report as evidence to justify the traffic stop. According to the affidavit, the stop was based on "third brake violation (high mount)" and a "defective high mount stop lamp." The trial court ultimately granted the motion to suppress, and, upon the State's request, it made the following finding:

> The State has failed to sufficiently produce evidence to support the allegations. I find that the State's failure to bring either one of those two available witnesses deprives the Court of any ability to gauge the reliability or credibility of the witnesses that you purport to present through the affidavit. I'm finding that the statute from the Texas Transportation Code is valid. I don't see anything in the affidavit that relates to the federal standards regarding a requirement or a federal requirement for a third high-mounted stop light.
>
> I find that I can't gauge whether they're true or not without that witness being here for me to determine that witness' reliability or credibility. That being the case, I cannot sustain the State's position and do anything other than grant

2

the Motion to Suppress. Your burden, [prosecutor]. You failed, [prosecutor]. You chose what evidence to bring, what evidence to leave out. Without appropriate evidence, I can't grant you the relief you're requesting.

On July 18, 2019, the State filed a Motion to Reconsider Order Suppressing Evidence. In this motion, the State asserted, in part:

> The court indicated that he could not determine the veracity of the information provided by the [S]tate's exhibits without the live testimony of the arresting officer. The [S]tate moved to have the hearing postponed to a later date to allow the [S]tate to call the arresting trooper but this was denied.

> The evidence that supports the stop of the defendant's vehicle, and then the officer asking the defendant to dismount from his vehicle will be introduced by the State during trial. The State is very confident that the arresting trooper's testimony will establish that he had probable cause to make a traffic stop, and he had a reasonable suspicion that the defendant might be intoxicated upon talking to him, such that further detention and questioning would be legal and therefore the defense's motion to suppress can be easily dealt with at trial with almost no loss of time in court.

On the same day, the trial court issued written findings of facts and conclusions of law in support of its decision to grant the motion to suppress.

The case proceeded to jury trial on July 22, 2019. The jury trial was conducted by Judge Janna Whatley, whereas the pre-trial motion for suppression was heard by Judge Patrick Flanagan. When the State was about to introduce evidence concerning the results of the breathalyzer test, Puentes objected based on the motion to suppress. However, Judge Whatley informed Puentes that on July 18, Judge Flanagan made a docket entry vacating his order granting the motion to suppress. The State was allowed to introduce the breathalyzer evidence.

The jury found Puentes guilty of felony DWI. Puentes pleaded true to the enhancement paragraphs alleging multiple prior DWI convictions. The trial court

sentenced Puentes to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II.   MOTION TO RECONSIDER

In his first issue, Puentes argues that the trial court erred by reconsidering its previous ruling on the motion to suppress evidence without holding a hearing.

## A.   Applicable Law

A trial court may, but is not obligated to, hold a hearing on various pre-trial motions, such as a motion to suppress. TEX. CODE CRIM. PROC. ANN. art. 28.01. If the trial court decides to hold such a hearing, then the defendant's presence is mandatory. *Id.*; *see Calloway v. State,* 743 S.W.2d 645, 649 (Tex. Crim. App. 1988) ("Article 28.01, which allows the trial court to set any criminal cause for a pretrial hearing, is not a mandatory statute . . . . The question of whether to hold a hearing on a pretrial motion to suppress evidence rests within the discretion of the trial court.").

It is well-established that a trial court may reconsider its ruling on a motion to suppress either before or during trial. *See Gibson v. State*, 541 S.W.3d 164, 166 (Tex. Crim. App. 2017) ("It is also true that a ruling on a suppression motion is interlocutory, and the trial court *may* reconsider its ruling thereon at any time before the end of trial."); *Lackey v. State*, 364 S.W.3d 837, 845–46 (Tex. Crim. App. 2012) ("[A] trial court may reexamine its ruling on a motion to suppress at any time prior to or during trial."); *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012) ("As such, [a trial court's ruling on a motion to suppress] should be regarded as just as much the subject of reconsideration and revision as any other ruling on the admissibility of evidence under Rule 104 of the

Texas Rules of Evidence."); *State v. Wolfe*, 440 S.W.3d 643, 644 (Tex. App.—Austin 2010, pet. ref'd) ("[B]ecause a motion to suppress is nothing more than a specialized objection, a trial court is free to reconsider its own earlier suppression ruling.") (internal quotations omitted); *State v. Henry,* 25 S.W.3d 260, 262 (Tex. App.—San Antonio 2000, no pet.) (holding that ruling on motion to suppress is interlocutory and may be reconsidered).

## B.    Analysis

Puentes acknowledges that under Article 28.01, a motion to suppress can be determined on the motion itself. *See* Tex. Code Crim. Proc. Ann. art. 28.01. However, Puentes insists that a motion to reconsider an order of suppression cannot be heard on the motion itself. Specifically as to this case, Puentes asserts that "to grant the State's motion to reconsider upon only the motion itself, without accompanying new evidence, Judge Flanagan would have still needed to conduct a hearing under Art. 28.01." However, Puentes has not pointed us to, nor have we located, any cases to support the proposition that if a trial court holds a hearing on a motion to suppress, the trial court must subsequently hold a hearing to be able to entertain a motion to reconsider.

Article 28.01 states that a pre-trial hearing on a motion to suppress is optional. *See id.* If the trial court decides to hold such a hearing, Article 28.01 then requires the parties to be properly notified before the hearing is held. *See id.* Article 28.01 further requires the defendant's presence at any such hearing. *See id.* But nothing in Article 28.01 states that a hearing must be held on a subsequent motion to reconsider. The State filed a motion to reconsider, which put Puentes on notice that the trial court might revisit the motion at

5

any time. *See Wolfe*, 440 S.W.3d at 645 (concluding "the State was on notice that the trial court had discretion to reconsider its suppression ruling at any time" because the defendant had filed a motion to reconsider its ruling denying the motion to suppress).

In this case, the State filed a motion to reconsider, explaining that the troopers who pulled Puentes over were unavailable for the motion to suppress hearing but would be available at trial and that they would demonstrate that they had reasonable suspicion to pull Puentes over. We conclude that the trial court did not err by reconsidering the suppression order on the motion itself without holding a hearing. *See Gibson*, 541 S.W.3d at 166; *Lackey*, 364 S.W.3d at 845–46; *Black*, 362 S.W.3d at 633; *Wolfe*, 440 S.W.3d at 644. We overrule Puentes's first issue.

### III.  FINDINGS OF FACT & CONCLUSIONS OF LAW

In his second issue, Puentes argues that the trial court erred by failing to issue findings of fact and conclusions of law in support of granting the motion to reconsider. In other words, he complains that the trial court failed to issue new findings of facts and conclusions of law when it reconsidered and ultimately denied the motion to suppress. However, Puentes has not pointed us to any point in the record where he requested the trial court to make findings of facts and conclusions of law on the motion to reconsider or the reconsidered motion to suppress.

In a similar case, a defendant argued that the trial court erred by failing to issue new findings of fact after it reconsidered its ruling on a motion to suppress. *See Gutierrez v. State*, 327 S.W.3d 257, 262 (Tex. App.—San Antonio 2010, no pet.). However, because the defendant failed to request findings of fact and conclusions of law after the

6

trial court issued its new ruling on the motion to suppress, "the court was under no obligation to provide them." *Id.*; *see Wolfe*, 440 S.W.3d at 645 (observing that the State failed to request findings of fact and conclusions of law after the trial court reconsidered its earlier ruling on a motion to suppress). The same rationale applies here. Therefore, we conclude that the trial court did not err by failing to issue new findings of fact and conclusions of law. *See Gutierrez*, 327 S.W.3d at 262. We overrule Puentes's second issue.

## IV.    CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
25th day of March, 2021.

7