Keasler, J., delivered the opinion of the Court, in which Hervey, Alcala, Newell, and Walker, JJ., joined.
Victoria Velasquez timely filed a motion to suppress evidence. On the day of trial, after both sides announced ready, the trial judge decided to hear the motion to suppress before jury selection. The State objected *291 under Article 28.01 of the Code of Criminal Procedure,[1] claiming it had received insufficient notice of a pre-trial hearing. We hold that Article 28.01 does not entitle the State to any additional notice beyond what it received in this case.
I. FACTS AND PROCEDURAL POSTURE
A. Trial
Velasquez was charged with possessing a usable quantity of marijuana, and trial was initially set for February 23, 2015. The State filed a motion for continuance on that date, which the trial judge granted, and the case was reset for April 13, 2015. On the "CASE SETTING FORM" accomplishing this reset, it was noted that, "This case is set in County Court at Law No. 6, Bexar County Justice Center[,] 9:30 A.M. for: ... MTS/JURY TRIAL[.]" Three days later, on February 26, 2015, Velasquez filed sixteen pre-trial motions-which were received and duly acknowledged by the State-including a motion to suppress evidence. On the day of trial, both sides announced ready, and the trial judge elected to hear the motion to suppress before empaneling the jury. The State's prosecutor objected to the hearing due to a lack of notice, claiming:
Well, Judge, this case is set for trial. I have an officer-two officers who checked in this morning. So if we're having a motion to suppress hearing, I think that the State is afforded, first of all, notice, which we don't have. There is a motion to suppress in the file that hasn't been urged. Secondly, I would like to have my witnesses here to testify to a motion to suppress, because they are available. They're just not here right now.[2]
The prosecutor acknowledged that she had previously received Velasquez's motion to suppress, but argued that, because "motions to suppress in our court" ordinarily "run with trial," she was not prepared for any hearing pertaining to Velasquez's motion. The trial judge responded that it was indeed his typical practice to run suppression rulings with trial, "[u]nless it's something we can resolve without going to trial[.]"
Having overruled this "notice" objection, the trial judge asked the prosecutor if she intended to "put on any evidence or not," giving her the opportunity to at least "enter a copy of the police report" to refute some of the allegations made by Velasquez's lawyer in his opening remarks. The prosecutor declined. The trial judge warned the prosecutor that, should she insist upon this course of action, he would "have no other recourse than to rule for the Defense." But the prosecutor was resolute: "Your Honor, I'm not going to enter our police report in this sort of motion to suppress. I'm not offering any evidence." True to his word, the judge granted Velasquez's motion to suppress.
B. Appeal
On appeal,[3] the State claimed it was entitled to additional notice of the pre-trial hearing under Texas Code of Criminal Procedure Article 28.01.[4] Velasquez conversely argued that the trial setting itself, in conjunction with her motion to suppress, *292 provided sufficient notice to the State of the possibility of a suppression hearing, as the State knew all of the litigable issues to be resolved on trial day.[5]
The Fourth Court of Appeals first determined that, because the trial judge did not carry the motion with trial, the hearing was a "pre-trial matter."[6] The court then concluded that Article 28.01, Section 1 entitled the parties to notice of a pre-trial hearing on a motion to suppress.[7] Because the State did not receive any such notice, the court reversed the trial judge's ruling and remanded the matter back to the trial court.[8]
C. Discretionary Review
We granted Velasquez's petition for discretionary review to address the following questions:
Ground One: Did the State of Texas properly preserve error for lack of notice of a pre-trial hearing pursuant to TEX. CODE CRIM[.] PROC. art. 28.01 when in truth they objected merely to the evidentiary character of a pre-trial hearing on a Motion to Suppress?
Ground Two: Did the court of appeals err in concluding that TEX. CODE CRIM[.] PROC. art. 28.01 requires the Trial Court to provide additional notice to the State of the potential for a pre-trial hearing on a properly filed and served Motion to Suppress beyond an order to appear ready for trial on a certain date?
Based on our resolution of the second ground, we need not reach the first.
II. LAW
A. Standard of Review
In this opinion, we seek to construe a statute: Article 28.01 of the Texas Code of Criminal Procedure. "Statutory construction is a question of law," so any conclusion reached by the court below is subject to de novo review.[9] Rather than deferring to the court of appeals' reading of Article 28.01, then, we undertake to "effectuate the 'collective' intent or purpose" of the Legislature that enacted this law.[10] And because "the literal text" of the statute "is the only definitive evidence of what the legislators ... had in mind when the statute was enacted into law," we "necessarily focus our attention on the literal text of the statute ... and attempt to discern the fair, objective meaning of that text at the time of its enactment."[11] "[I]f the meaning of the statutory text ... should have been plain to the legislators who voted on it, we ordinarily give effect to that plain meaning."[12] It is only when "application of a statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended" that we should decline to interpret a statute in accordance with its plainly-understood meaning.[13]
B. Article 28.01
Article 28.01 provides:
Sec. 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct *293 the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing.
....
Sec. 2. When a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters.[14]
One of the "preliminary matters" referred to in Section 2, and subject to litigation in a pre-trial hearing, is a defendant's "[m]otion[ ] to suppress evidence."[15]
The sole time that either of these sections explicitly refers to "notice," Section 2 does so only with respect to "the defendant."[16] Furthermore, we have interpreted Section 2"not as a mandatory notice provision of ten days for every pretrial hearing, but rather a condition that a defendant will not be held to the seven day filing limitation unless he has been accorded at least ten days notice of the pretrial hearing."[17] Presumably, then, even were Section 2 to entitle "the parties" to "sufficient notice of such hearing," it would still not entitle the State to additional pre-trial notice of a trial-day suppression hearing. In any event, both the State and the court of appeals appropriately relied upon Section 1, rather than Section 2, in deciding whether the State is entitled to relief. Our analysis therefore focuses upon the meaning and requirements of Section 1.
III. ANALYSIS
Article 28.01, Section 1 uses the word "set" twice-it provides that a trial court may "set" any criminal case for a pre-trial hearing before it is "set" for trial upon its merits.[18] We have said that "[e]very word of a statute is presumed to have been used for a purpose, and a cardinal rule of statutory construction requires that each sentence, clause, phrase, and word be given effect if reasonably possible."[19] Pursuant to this rule of statutory construction, we conclude that Article 28.01, Section 1 envisions two separate settings: one for pre-trial matters, and another "for trial upon [the] merits."[20] Section 1 specifically describes the responsibilities the trial court assumes when it exercises its discretion to "set [a] criminal case for a pre-trial hearing"-it does not purport to place any additional requirements upon the trial court's decision to set a case for trial upon its merits or conduct a hearing on the setting designated for trial. Therefore, whatever notice requirements exist within Section 1, those requirements apply only when the trial court decides to conduct a hearing on a separate, pre-trial "set[ting]"-not any time it decides to conduct a hearing "pre-trial."[21]
This is not a distinction without a difference. When a trial judge wishes to conduct a hearing on a pre-trial setting, there is *294 good reason to think that both parties should receive notice-not only that this setting exists in the court's docket, but also that a hearing is to be conducted, and of what this hearing will pertain to. Section 1 accomplishes this notice by instructing the judge to issue a "court's order for a conference and hearing" that "direct[s]" the parties "to appear before the court at the time and place stated."[22] It is also a fair reading of the statute that this order should indicate to the parties which, if any, of the "matters" delineated in subsections (1)-(10) will be litigated or addressed on this setting.[23] This order should ordinarily ensure that the parties will have sufficient time to subpoena any witnesses, conduct legal research as necessary, and otherwise prepare for impending litigation.
But when, as in this case, the judge simply wishes the parties to litigate a pre-trial matter on the setting designated for "trial on the merits," the parties will have already undertaken these preparatory steps in the course of getting ready for trial. Article 28.01, then, would treat a trial-day suppression issue as being subject to the judge's trial-day scheduling preferences-which is to say, wholly within the judge's purview.[24] We consider this interpretation of Article 28.01 to be more in keeping with what we have previously described as the "informal" nature of most suppression hearings.[25]
In this case, although the suppression hearing occurred before voir dire and therefore arguably pre-trial, it did not take place on a pre-trial "set[ting]," as envisioned by the statute.[26] Instead, it occurred on the setting designated for trial on the merits. Because of this, the hearing was outside the orbit of Article 28.01. Rather than conducting voir dire first and only then hearing the motion to suppress, the trial judge saw fit to conclude the latter (potentially dispositive) matter before reaching the former. Article 28, Section 1 did not require the judge to give advance notice to the parties of his intentions in this regard.
While acknowledging that "[a] trial court ... has discretion to conduct a pre-trial hearing on the day of trial to resolve preliminary matters," the dissent "would interpret Article 28.01 as requiring the court to notify both sides of such pre-trial hearing" without regard to whether the hearing occurs on a pre-trial setting or on the trial setting itself.[27] In support of this conclusion, the dissent points to Article 28.01's reference to "the time and place" designated for the trial court's pre-trial setting, and distinguishes this phrase from "the date and place."[28] But our analysis does not assume that the statute refers to a "date" rather than a "time." Instead, our analysis turns on the fact that, by its terms, Article 28.01 comes into play only when the trial court exercises its discretion to "set" a criminal case for a pre-trial *295 hearing.[29] That did not occur in this case,[30] so the trial court cannot be said to have run afoul of the literal language of the statute. The dissent identifies a number of well-thought-out prudential reasons to strengthen the notice requirements (or, perhaps, the triggering language) contained in Article 28.01,[31] but it is not for this Court to add to, subtract from, or otherwise revise a democratically-enacted statute simply because we believe that our revisions would improve the day-to-day operation of the criminal justice system.[32] Those concerns are better addressed democratically, rather than from the bench.[33]
Finally, we decline to respond substantively to the dissent's "aside" that, despite having no evidence in front of him,[34] the trial judge had no choice but to rule in the State's favor on the merits of the suppression issue.[35] The State has never-neither at the hearing itself, nor in a follow-up hearing the day after the trial court's ruling, nor on direct appeal, nor in its brief before this Court-argued that the trial court's ruling was "arbitrary, unreasonable, [or] outside the zone of reasonable disagreement" on the merits.[36] The court of appeals did not address this issue,[37] and we did not exercise our discretionary-review authority to discuss it.[38] As it stands, neither party has had an opportunity to brief this matter. The question the dissent seeks to answer in this portion of its opinion is not an "actual controversy" in the context of this appeal.[39]
Even so, had the State but voiced any of the arguments contained in the dissent's "aside," the trial court may indeed have ultimately found in the State's favor.[40] Instead, the State flatly "refused to offer any evidence"-nor even to advance an argument that the officer's search was legal on account of Velasquez's consent-after receiving an adverse ruling from the trial *296 court on its "notice" objection.[41] Had defense counsel engaged in this sort of conduct, we would almost certainly consider it to be ineffective assistance.[42] To the extent that our constitutional authorization to exercise "judicial power" would even permit us to reach the merits determination outlined in dissent,[43] we would see no compelling reason to exercise that authority so as to rescue the State from its obstinacy at this hour.
IV. CONCLUSION
We interpret Article 28.01 to require formal notice of a pre-trial hearing only when the court designates a separate, pre-trial setting for the hearing-not when the judge elects for the hearing to take place on the trial setting itself. We reverse the court of appeals and hold that the State was entitled to no additional notice other than the court's order setting the case for trial.
Hervey, J., filed a concurring opinion. Richardson, J., filed a dissenting opinion, in which Keller, P.J., joined. Yeary and Keel, JJ., dissented.
CONCURRING OPINION
Hervey, J., filed a concurring opinion.
Although I agree with the majority opinion, I write briefly to express some of my own thoughts with respect to the issues in this case.
There is no dispute that the State was aware of the motion to suppress filed by the defense and that it had notice of the trial date. There is equally no dispute that the State should have been ready to prosecute its case on the day of trial, including the suppression issues. The problem seems to have stemmed from the State's mistaken reliance on what it believed was the judge's "preference" to carry suppression motions to trial. According to the State, that is why it was not prepared. The trial judge explained that was not his policy, and that he would hold suppression hearings before trial if they could be dispositive, as was the case here. Regardless, a judge's preference or tendencies are just that. They are not the law. But it should be the State's policy to be prepared to prosecute its case on the day of trial.
As to the State's lack-of-notice complaint, I make three observations. First, the State did not ask for a continuance. Second, if the State is claiming that it could not meaningfully participate in the proceedings because its witnesses were not present and ready to testify, that concern is without merit. The judge told the State that it was not going to allow live testimony at the hearing pursuant Ford v. State , 305 S.W.3d 530 (Tex. Crim. App. 2009). Finally, the State does not claim that it did not have other evidence to support its case due to a lack of notice. In fact, the opposite is true. Despite any alleged lack of notice, the State conceded that it had in its possession at the hearing the offense report, *297 but it expressly declined to offer any evidence because it would not participate in "this sort of motion to suppress." The lack-of-notice issue appears to be more of a "straw man" argument than a legitimate concern.
I also find it troubling that the State appeared more interested in "taking its ball and going home" than participating in the proceeding in good faith. If the State had proffered the offense report (and any other information it had), it may have won the suppression hearing. And if not, it could have appealed that decision. Tex. Code Crim. Proc. art. 44.01(a)(5) (the State has the right to appeal an order granting a motion to suppress). It is hard to sympathize with the State under these circumstances.
This case seems to be less about a lack of notice than it is about a battle of wills between the prosecutor and the trial judge.
DISSENTING OPINION
Richardson, J., filed a dissenting opinion in which Keller, P.J., joined.
Because I agree with the interpretation given to Article 28.01 by the Fourth Court of Appeals, I would dismiss Velasquez's petition for discretionary review as improvidently granted. Respectfully, therefore, I dissent.
The majority concludes that Article 28.01 requires formal notice of a pre-trial hearing only when the trial court designates a separate setting for the pre-trial hearing occurring on a day before the day the case is set for trial. I disagree with this conclusion. The plain-language reading of the term "pre-trial" means before the trial is set to begin, not before the day the trial is set to begin. Article 28.01 requires notice to both the defendant and the State of the "time and place" of the pre-trial hearing, not the date and place. In this case, the State was not given notice of the time that the trial court was going to conduct the pre-trial hearing on the motion to suppress. The State was only given notice that the trial was to begin on a certain date, presumably at the regular time in the morning that the judge appears on the bench and court is thereafter in session. A jury trial begins with jury selection. A trial court judge certainly has discretion to conduct a pre-trial hearing on the day of trial to resolve preliminary matters. However, I would interpret Article 28.01 as requiring the court to notify both sides of such pre-trial hearing.
As the majority points out, the judge acknowledged that it was his typical practice to run suppression motions with the trial. But in this case, when the trial (i.e., jury selection) was set to begin, the trial judge announced that he would instead at that time conduct a separate hearing on the motion to suppress. I would call that a pre-trial hearing of which both sides are entitled to notice.
According to the record, the State had contacted police officers to testify regarding the suppression issues, but the officers were not in the courtroom ready to testify at that time, because the State had no notice that a separate pre-trial hearing was going to be conducted. It is not surprising that the officers were not there waiting to testify, since jury selection and opening statements would have taken some time. Officers are paid overtime when they have to testify in a hearing or at trial. Prosecutors must arrange ahead of time for officers to be available through a police department liaison. Prosecutors do their best to limit the amount of time officers must be on standby waiting to testify. If the judge routinely carries the suppression motion with the trial, and the prosecutor is not notified otherwise, the *298 officers who have agreed to testify as witnesses would not be needed until after the jury is selected. Moreover, the State's failure to ask for a continuance was understandable since the trial court judge made it clear that he was not going to hear live testimony. The trial court judge told the prosecutor that he was not going to let the State call any witnesses-"I don't have to, and I'm not going to." A request for a continuance would clearly have been futile. Under these circumstances, the State's having notice of the trial setting date was not sufficient notice of "the time" of the pre-trial hearing on the motion to suppress that is required under Article 28.01.
This was a simple misdemeanor possession of marijuana case, but what if this had been a capital murder? The majority's decision today could have a ripple effect causing harsh ramifications for prosecutors, depending on the level of the offense and how complicated and involved a motion-to-suppress hearing might be.
I also add, as an aside, that this motion to suppress should not have been granted in the first place. Defense counsel conceded at the outset that Velasquez had consented to the search:
THE COURT: Okay. So basically your client cooperated with whatever the Park Ranger wanted or the Park Police person wanted to do?
DEFENSE COUNSEL: Correct, Your Honor
THE COURT: Voluntarily gave him marijuana that was in her purse in the car; right?
DEFENSE COUNSEL: Yes.
At that point, the hearing should have been over and the motion to suppress denied. Bishop v. State , 85 S.W.3d 819, 822 (Tex. Crim. App. 2002) (citing Rodriguez v. State , 844 S.W.2d 744, 745 (Tex. Crim. App. 1992) (holding that, where no witnesses were called and no evidence was presented at a hearing on a motion to suppress, the trial court was permitted to determine the merits of the motion on the motion itself). Although this case involved a warrantless search, the search was conducted with Velasquez's consent. An exception to the warrant requirement is a search conducted with consent. Meeks v. State , 692 S.W.2d 504, 509 (Tex. Crim. App. 1985). A trial court's ruling should be reversed only if it is arbitrary, unreasonable, or "outside the zone of reasonable disagreement." State v. Story , 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (citing State v. Dixon , 206 S.W.3d 587, 590 (Tex. Crim. App. 2006) ; Montgomery v. State , 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1991) ). This trial judge's ruling was arbitrary, unreasonable, and outside the zone of reasonable disagreement.
At any rate, because I agree with the Fourth Court of Appeals's interpretation of Article 28.01, I would have refused Velasquez's petition for discretionary review. Respectfully, therefore, I dissent.

See Tex. Code Crim. Proc. art. 28.01. Unless otherwise indicated, all subsequent references in the body of this opinion to "articles" and "sections" shall refer to the Texas Code of Criminal Procedure.

1 RR at 3-4.

See Tex. Code Crim. Proc. art. 44.01(a)(5).

State v. Velasquez , 487 S.W.3d 661, 664 (Tex. App.-San Antonio 2016, pet. granted).

Id.

Id. at 666.

Id. at 667.

Id. at 668.

Harris v. State , 359 S.W.3d 625, 629 (Tex. Crim. App. 2011).

Boykin v. State , 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

Id. (emphasis omitted).

Id.

Id. (emphasis omitted).

Tex. Code Crim. Proc. art. 28.01, §§ 1, 2.

Id. §§ 1(6), 2.

Id. § 2.

Postell v. State , 693 S.W.2d 462, 465 (Tex. Crim. App. 1985) (emphasis in original).

Article 28.01, § 1.

Morter v. State , 551 S.W.2d 715, 718 (Tex. Crim. App. 1977) (citations omitted).

Article 28.01, § 1.

Id.

Id.

Id.

See Calloway v. State , 743 S.W.2d 645, 649-50 (Tex. Crim. App. 1988).

See Ford v. State , 305 S.W.3d 530, 537-38 (Tex. Crim. App. 2009) ("[T]he statutory language supports the notion that a motion to suppress is an informal hearing in which the trial judge, in his discretion, may use different types of information, conveyed in different ways, to resolve the contested factual or legal issues.").

See Velasquez , 487 S.W.3d at 662 ("The request for a hearing was never urged by Velasquez and the motion was never set for a hearing by the trial court.").

Dissenting Opinion at 297.

Id. at -297 (emphasis in original).

Article 28.01, § 1.

See supra note 26.

Dissenting Opinion at 297-98.

Boykin , 818 S.W.2d at 785 (citations omitted) ("Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.").

See ids="9984678" index="29" url="https://cite.case.law/sw2d/818/782/#p785">id. ("[O]ur state constitution assigns the law making function to the Legislature while assigning the law interpreting function to the Judiciary.") (emphasis in original).

See State's Brief on the Merits at 8 ("No testimony was heard and no exhibits were offered into evidence.").

Dissenting Opinion at 298 ("This trial court's ruling was arbitrary, unreasonable, and outside the zone of reasonable disagreement."). But see, e.g. , 43 George E. Dix & John M. Schmolesky, Texas Practice-Criminal Practice and Procedure § 18:27, at 392 ("[W]hen the State relie[s] upon consent to support a search, [it has the] burden of proving such consent ... by the unusually high standard of clear and convincing evidence."); Brief for Appellant State of Texas in the Fourth Court of Appeals at 18 ("The trial court found, and the State does not dispute, that the prosecution bore the burden of proof during the motion to suppress.").

Dissenting Opinion at 298.

Velasquez , 487 S.W.3d at 668 ("Based on a plain reading of article 28.01, we conclude the trial court erred by proceeding with the pre-trial motion to suppress hearing without notice to the State.").

Appellee's Petition for Discretionary Review at 1 ("Grounds for Review").

See Garrett v. State , 749 S.W.2d 784, 803 (Tex. Crim. App. 1986) (op. on reh'g) (citations omitted) ("An advisory opinion results when a court attempts to decide an issue that does not arise from an actual controversy[.]").

See Dissenting Opinion at 297-98.

Supplemental Transcript at 5 ("Findings of Fact and Conclusions of Law").

See, e.g. , Ex parte Medina , 540 S.W.3d 593, 594, 2017 WL 4410269, at *1 (Tex. Crim. App. Oct. 4, 2017) (per curiam) (granting relief on a claim of ineffective assistance of counsel where, after receiving an adverse ruling on a punishment-phase motion for continuance, trial counsel refused to offer any defensive evidence or make closing remarks to the jury).

Tex. Const. art. V, § 1 ; Garrett , 749 S.W.2d at 803 (quoting Morrow v. Corbin , 122 Tex. 553, 62 S.W.2d 641, 644 (1933) ) (" 'Judicial power' is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for a decision.").