## NO. 12-18-00139-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| *KAMORI NICOLE HENRY,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Kamori Nicole Henry appeals her conviction for failure to identify while a fugitive from justice. Appellant raises four issues challenging the validity of the information, the trial court's amendment of the information without notice to Appellant, the trial court's failure to grant Appellant ten days to respond to the amended information, and one of her conditions of community supervision. We affirm.

### BACKGROUND

The evidence in this case shows that at the time of the offense, there were five warrants for Appellant's arrest. The police called Appellant three times asking her to surrender herself at the sheriff's office. She responded, "Good luck." The police later located Appellant outside her apartment. When they asked for identification, Appellant gave the name "Kamori Folk."

Appellant was charged by information with failure to identify by giving a false name to a peace officer who lawfully detained her, a Class B misdemeanor.[1] Subsequently, the State moved to amend the information to allege additionally that Appellant was a fugitive from justice at the time of the offense, raising the offense level to a Class A misdemeanor.[2] Without a hearing on the

---

[1] TEX. PENAL CODE ANN. § 38.02(b)(2), (c)(2) (West 2016).

[2] *Id.* § 38.02(b)(2), (d)(2).

matter, the trial court granted the motion in an order containing the amended language and stating that "the Information is hereby amended."

At trial several months later, after the jury was empaneled, the State read the amended information. Appellant pleaded "not guilty" and then noted that she did not receive prior notice that the trial court granted the motion to amend. She objected to the amendment on grounds that it was made without a hearing or opportunity for her to respond and it created a fatal variance between the complaint and information. The trial court overruled the objection, and the matter proceeded to trial.

Ultimately, the jury found Appellant "guilty" of failure to identify while a fugitive from justice. The trial court assessed her punishment at confinement for one year, suspended the sentence, and placed her on community supervision for a term of fifteen months. This appeal followed.

### FATAL VARIANCE

In Appellant's first issue, she argues that there is a fatal variance between the complaint and information. She observes that the complaint was not amended to include the fugitive allegation and contends the resulting variance between the complaint and the amended information is fatal to the information's validity. In support of her contention, she cites *Ray v. State*, 433 S.W.2d 434 (Tex. Crim. App. 1968) and *Acevedo v. State*, 483 S.W.2d 459 (Tex. Crim. App. 1972). In *Ray*, the complaint and information charged the defendant with different statutory offenses. *See Ray*, 433 S.W.2d at 435. The court of criminal appeals held that the variance was fatal to the information and reversed the conviction. *See id.* Similarly, in *Acevedo*, the court of criminal appeals held that a variance between the complaint and information regarding the offense date was fatal to the validity of the information and reversed the conviction. *See Acevedo*, 483 S.W.2d at 460. We acknowledge the similarity between these cases and the one at hand. However, the law regarding validity of charging instruments has changed since the time of *Ray* and *Acevedo*.

Before 1985, the court of criminal appeals held that an invalid complaint or information constitutes fundamental jurisdictional error and necessitates reversal of a conviction. *Ramirez v. State*, 105 S.W.3d 628, 629 (Tex. Crim. App. 2003). In 1985, however, the Texas Constitution was amended to provide that "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause." *See* TEX. CONST. art. V, § 12(b); *Ramirez*, 105 S.W.3d

2

at 629. Now, the mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant, regardless of any defect that might exist in the underlying complaint. *Ramirez*, 105 S.W.3d at 629. Thus, defects in complaints are no longer jurisdictional. *Id.* at 630. Consequently, even if the complaint in this case is defective for failing to allege that Appellant was a fugitive at the time of the offense, the information is not rendered invalid by the defective complaint. *See id.* We overrule Appellant's first issue.

## ARTICLE 28.10 VIOLATIONS

In Appellant's second and third issues, she argues that the trial court violated Texas Code of Criminal Procedure Article 28.10 by granting the State's motion to amend the information without notice to her and without allowing her time to respond to the amended information.

### Lack of Notice

In Appellant's second issue, she argues that the trial court violated Article 28.10 by amending the information without notice to the defense. We disagree.

Article 28.10 provides the following:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

> (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

> (c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 2006).

Appellant acknowledges that she received notice of the State's motion to amend but contends her lack of subsequent notice of the amendment violates Article 28.10. The State does not dispute that Appellant received no subsequent notice of the amendment. Although the statute does not explicitly state whether notice of the motion to amend is sufficient or subsequent notice of the amendment is required, its sentence structure implies that notice of the motion is sufficient. *See State v. Velasquez*, 539 S.W.3d 289, 292 (Tex. Crim. App. 2018) (we ordinarily give effect to the plain meaning of statutory text). Because the statute reads, "After notice . . . a matter . . . may

3

be amended," it implicitly requires notice before the amendment, not after it. Therefore, based on the statute's plain language, we conclude that the trial court did not violate Article 28.10 by amending the information without subsequent notice to Appellant. *See id.*

**Commented [KH1]:** If you can find a CCA case saying we interpret statutes according to their plain language, I think it would be good to cite to it.

Additionally, in Appellant's second issue, she asserts that the trial court's order granting the motion to amend "rais[ed] the offense from a Class B Misdemeanor to a Class A, in direct conflict with Article 28.10(c)." At trial, Appellant asserted that the order "change[d] the offense from a Class B to a Class A offense, which clearly prejudices the right of the defendant." Even assuming Appellant's substantial rights were prejudiced by the amendment, we cannot grant her relief.

If a defendant does not object to a defect, error, or irregularity in an information or indictment before the first day of trial, she waives and forfeits the right to object to the defect, error, or irregularity and may not raise the objection on appeal. *Id.* art. 1.14(b) (West 2005); *see also* ***Teal v. State***, 230 S.W.3d 172, 176 (Tex. Crim. App. 2007). The court of criminal appeals followed this rule and upheld a felony conviction when the indictment omitted an element that raised the offense from a misdemeanor to a felony. *See **Teal***, 230 S.W.3d at 182. In ***Teal***, the appellant was indicted for hindering apprehension, but the indictment failed to allege that he knew the person he was helping was a felony fugitive. *See **id.*** at 173. Absent such knowledge, the appellant was guilty of only a misdemeanor rather than a felony. *See **id.*** The appellant waited until after the jury was empaneled to object to the trial court's lack of jurisdiction over the misdemeanor. *See **id.*** at 173. The trial court overruled the objection, and the appellant was convicted of the felony. *See **id.*** On appeal, the court of appeals held that the indictment failed to vest the district court with subject matter jurisdiction. *See **id.*** But the court of criminal appeals held that the appellant forfeited his right to object to the defect, stating that "[i]f appellant was confused about whether the State did or intended to charge him with a felony, he could have and should have objected to the defective indictment before the date of trial." *See **id.*** at 182. Similarly, here, if Appellant was unsure of the information's amendment status and whether she was charged with a Class A or Class B misdemeanor, she should have inquired and objected before the first day of trial. *See **id.*** Because Appellant had notice of the State's motion to amend and did not object before the first day of trial, we conclude that she forfeited her right to object to the amended information. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b); *see also **Teal***, 230 S.W.3d at 182.

4

Having concluded that the trial court did not violate Article 28.10 by amending the information without subsequent notice to Appellant and that Appellant forfeited her right to object to the amended information, we overrule Appellant's second issue.

**Failure to Grant Time to Respond**

In Appellant's third issue, she argues the trial court violated Article 28.10 by not allowing her ten days to respond to the amended information. Article 28.10 allows a defendant ten days to respond to an amended information "[o]n the request of the defendant." TEX. CODE CRIM. PROC. ANN. art. 28.10(a). The record in this case shows that Appellant never requested any time to respond to the amended information. Therefore, we conclude that the trial court did not err by failing to give Appellant time to respond to the amended information. Accordingly, we overrule Appellant's third issue.

## CONDITION OF COMMUNITY SUPERVISION

In Appellant's fourth issue, she argues that the trial court erred by requiring her to reimburse her court appointed attorney's fees as a condition of community supervision after finding her indigent. We do not address the merits of this complaint because we conclude that Appellant failed to preserve it for our review.

A trial court has the authority to impose any reasonable condition of community supervision that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. *Id.* art. 42A.301(a) (West 2018). The trial court may impose a condition requiring the defendant to reimburse the county for her court appointed attorney's fees if and to the extent that it determines she is financially able to do so. *Id.* art. 42A.301(b)(11) (West 2018).

When community supervision is granted, a contractual relationship is created between the trial court and the defendant. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). Conditions of community supervision that are not objected to are affirmatively accepted as terms of the contract. *Id.* at 534. A defendant who benefits from the contractual privilege of community supervision, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions she finds objectionable. *Id.* To be subject to procedural default under these circumstances, the defendant must be aware of the condition of community supervision in time to object at trial. *Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014).

5

Here, the trial court stated the following during sentencing:

I'm going to assess you one year in the county jail. I'm going to probate that for a period of 15 months. Under the standard terms and conditions of [sic] there's a $50 monthly probation fee, $50 to Crime Stoppers. I'm going to fine you $500. I'm going to give you 13 months to pay. And, it will be whatever attorney's fees that you had in this case for your court appointed attorney.

Appellant did not object. Because Appellant was aware of the condition of community supervision and failed to object at trial, we conclude that she failed to preserve her complaint for our review. *See id.*; *Speth*, 6 S.W.3d at 534. Accordingly, we overrule Appellant's fourth issue.

## DISPOSITION

Having overruled Appellant's first, second, third, and fourth issues, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 9, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 9, 2019**

**NO. 12-18-00139-CR**

**KAMORI NICOLE HENRY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court

of Anderson County, Texas (Tr.Ct.No. 64135)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*