

# NUMBER 13-22-00497-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ERIK RAMOS II

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Chief Justice Contreras[1]

Relator Erik Ramos II filed a petition for writ of mandamus asserting that the trial court "violated the Relator's Due Process rights secured under the United States Constitution and Due Course of Law under the Texas Constitution" by revoking relator's bond: (1) without proper notice; (2) without the benefit of a hearing; and (3) without allowing relator's counsel to put on evidence or make an offer of proof before revoking

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

relator's bond.[2] We conditionally grant the petition for writ of mandamus in part and deny it in part as stated herein.

## I. BACKGROUND

On August 9, 2022, relator was indicted on two counts of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). Relator was released on a $25,000 surety bond. On or about September 27, 2022, the State filed a motion to revoke relator's bond on grounds that relator had violated a special condition of his bond requiring him to "have no direct or indirect communication or contact" with the complainant in the case. The State's motion alleged that relator sent the complainant a text message threatening to kill him. A copy of the alleged offending text message was attached as an exhibit to the motion, but the motion was not verified and the exhibit was not otherwise authenticated.

The trial court held a pre-trial hearing on September 29, 2022.[3] At the hearing, the State's attorney referenced its motion to revoke as follows:

> The State recently filed a motion to revoke the defendant's bond. At the docket call defendant was not present but was given an attorney, and at that time State moved to impose new bond conditions. I wanted to make sure the defendant, you know, had been admonished and that he knew about those bonds, because we have a motion to revoke bond conditions that I'm going to need it set pretty soon, so I want to make sure all of that was on the record.

---

[2] This original proceeding arises from trial court cause number B-22-2101-0-CR-B in the 156th District Court of Bee County, Texas, and the respondent is the Honorable Janna Whatley, sitting as presiding judge of that court. *See id.* R. 52.2.

[3] The reporter's record for the pre-trial hearing is dated both September 29, 2022 and October 29, 2022; however, this hearing clearly took place on September 29, 2022. The reporter's record also incorrectly identifies the presiding judge as the Honorable Patrick Flanigan. These discrepancies are not material to our analysis in this original proceeding.

2

The trial court queried whether the "additional terms of bond" were put on the record, and relator's counsel offered to "stipulate that they served [relator] with notice at the docket call" and stated that he had "spoken with [relator] that he is not to have any contact with the victim." In response, the trial court stated, "I'm revoking his bond today. He will go to jail." Relator's counsel asked the trial court to "hold on," and relator interjected that he "[had] not done anything wrong," and he "[had] evidence to prove that." Relator's counsel then addressed the judge, stating that, "[B]efore you revoke his bond[,] I believe I'm allowed an opportunity to present evidence." The trial court responded that, "No, you're not. It's a felony bond, and I can revoke the bond any time I feel comfortable with it. If I feel the victim is being threatened, I am revoking his bond." After a further interjection from relator, the trial court reiterated that it "[had] ruled. Sorry. Nothing further. I'll not put up with anything like that." The relator was then escorted from the courtroom. Relator's counsel then informed the judge that, "I believe I need to have an opportunity to proffer some evidence." The trial court refused.

This original proceeding ensued. Relator contends that the trial court's actions constituted error. By order issued on October 21, 2022, this Court requested the State of Texas, acting by and through Jose Aliseda, the District Attorney of Bee County, Texas, to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.4, 52.8(a), (b). Nevertheless, the State did not file a response to the petition for writ of mandamus.

## II.    MANDAMUS

To be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision

and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

"An act is purely ministerial if the relator has a clear and indisputable right to the relief sought, i.e., when the facts and circumstances of the case dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles." *In re Yeager*, 601 S.W.3d 356, 358 (Tex. Crim. App. 2020) (orig. proceeding); *see In re State ex rel. Ogg*, 618 S.W.3d 361, 363 (Tex. Crim. App. 2021) (orig. proceeding). "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987) (orig. proceeding) (en banc); *see In re Medina*, 475 S.W.3d 291, 297 (Tex. Crim. App. 2015) (orig. proceeding).

## III.   BAIL

The Texas Constitution provides, in part, that, "[a]ll prisoners shall be bailable by sufficient sureties, unless for capital offen[s]es, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law." TEX. CONST.

4

art. I, § 11; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.07 ("Any person shall be eligible for bail unless denial of bail is expressly permitted by the Texas Constitution or by other law."). "The power to deny bail cannot and 'will not be used as an instrument of oppression.'" *Pharris v. State*, 165 S.W.3d 681, 689 (Tex. Crim. App. 2005) (quoting *Taylor v. State*, 667 S.W.2d 149, 151 (Tex. Crim. App. 1984)). "The primary purpose of bail is to secure the defendant's appearance at trial." *Ex parte Carter*, 621 S.W.3d 355, 358 (Tex. App.—San Antonio 2021, no pet.). The Texas Constitution also provides, however, that bail may be denied in certain circumstances. *See* TEX. CONST. art. I, §§ 11a, 11b, 11c. The Texas Constitution authorizes denial of bail is when an accused has violated a condition of his pretrial release related to the safety of the community. *Id.* art. I, § 11b. Article I, § 11b provides,

> Any person who is accused in this state of a felony or an offense involving family violence, who is released on bail pending trial, and whose bail is subsequently revoked or forfeited for a violation of a condition of release may be denied bail pending trial if a judge or magistrate in this state determines by a preponderance of the evidence at a subsequent hearing that the person violated a condition of release related to the safety of a victim of the alleged offense or to the safety of the community.

*Id.*; *see Ex parte McIntyre*, 558 S.W.3d 295, 299–300 (Tex. App.—Fort Worth 2018, pet. ref'd).

## IV.    ANALYSIS

As stated previously, relator contends that the trial court erred by revoking his bond without notice or a hearing and by refusing to allow relator's counsel to put on evidence or make an offer of proof before revoking the bond.

5

First, as a preliminary matter, it is clearly apparent from the record that the State's motion to revoke bond was not set to be heard at the pre-trial hearing held on October 29, 2022. At the inception of the hearing, counsel for the State ensured that the relator was aware of the bond conditions and expressly stated that the State was "going to need [the motion to revoke] set pretty soon." In this regard, Article 28.01 of the code of criminal procedure, governing pre-trial hearings, requires the trial court to provide notice to the parties regarding the pre-trial hearing, including what matters will be addressed at the hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01. In relevant part, Article 28.01 provides:

> Sec. 1. The court may set any criminal case for a pre-trial hearing before it is set for trial upon its merits, and direct the defendant and his attorney, if any of record, and the State's attorney, to appear before the court at the time and place stated in the court's order for a conference and hearing. The defendant must be present at the arraignment, and his presence is required during any pre-trial proceeding. The pre-trial hearing shall be to determine any of the following matters . . . .
>
> . . . .
>
> Sec. 2. When a criminal case is set for such pre-trial hearing, any such preliminary matters not raised or filed seven days before the hearing will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown; provided that the defendant shall have sufficient notice of such hearing to allow him not less than 10 days in which to raise or file such preliminary matters. The record made at such pre-trial hearing, the rulings of the court and the exceptions and objections thereto shall become a part of the trial record of the case upon its merits.

*Id.* art. 28.01, §§ 1, 2; *see State v. Velasquez*, 539 S.W.3d 289, 292–93 (Tex. Crim. App. 2018). In *Velasquez*, the court of criminal appeals concluded that the notice requirements in Article 28.01 apply when the trial court decides to conduct a hearing on a specific pre-trial setting date. *See* 539 S.W.3d at 292–93. Thus, for a specific pre-trial hearing, the

6

statute requires the trial court to issue an order for a hearing directing the parties to appear and indicating what matters will be litigated or addressed at the hearing. *Id.* at 293–94. "This order should ordinarily ensure that the parties will have sufficient time to subpoena any witnesses, conduct legal research as necessary, and otherwise prepare for impending litigation." *Id.* at 294. In contrast, when the judge simply wishes the parties to litigate a matter prior to trial, or, for example, on the setting designated for "trial on the merits," the parties will have already undertaken these preparatory steps in the course of getting ready for trial, and thus the hearing is "wholly within the judge's purview," and the trial court is not required to give "advance notice" to the parties of the matters to be heard. *Id.* Here, the matter was not set for trial, and the trial court did not provide notice that the State's motion to revoke would be heard at the pre-trial hearing.

Second, the trial court has discretion to revoke the bond if the court finds the bail bond to be "defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause." TEX. CODE CRIM. PROC. ANN. art. 17.09, § 3; *see Ex parte Gomez*, 624 S.W.3d 573, 578 (Tex. Crim. App. 2021); *Op. Tex. Att'y Gen*. No. KP-0270 (2019) ("Although no court has addressed the issue, probable cause that a bond condition violation occurred likely would constitute "good and sufficient cause" authorizing the court's issuance of capias to secure the defendant's attendance at a revocation or bond-increase hearing."). However, the trial court is not free to "arbitrarily" revoke bond but must instead consider the "relevant circumstances." *Ex parte Gomez*, 624 S.W.3d at 579; *see Ex parte King*, 613 S.W.2d 503, 504–05 (Tex. Crim. App. 1981) ("There is no evidence in this record to explain the action of the trial judge

7

revoking the posted bail bond and increasing bail, other than his apparent displeasure with counsel's filing the motion for continuance and he having to grant same under law. That does not constitute good and sufficient cause to revoke the bail posted by petitioner or to increase the amount of bail."); *Meador v. State*, 780 S.W.2d 836, 837 (Tex. App.— Houston [14th Dist.] 1989, no pet.) (concluding that the failure to comply with a court order requiring appellant to hire counsel and tardiness for hearing did not constitute good cause to revoke bond).

Here, the State's motion to revoke was based on its allegation that relator had threatened the complainant and "is a danger to the victim and the community at large." Texas Code of Criminal Procedure Article 17.40 governs bond conditions related to victim or community safety, and provides:

(a) To secure a defendant's attendance at trial, a magistrate may impose any reasonable condition of bond related to the safety of a victim of the alleged offense or to the safety of the community.

(b) At a hearing limited to determining whether the defendant violated a condition of bond imposed under Subsection (a), the magistrate may revoke the defendant's bond only if the magistrate finds by a preponderance of the evidence that the violation occurred. If the magistrate finds that the violation occurred, the magistrate shall revoke the defendant's bond and order that the defendant be immediately returned to custody. Once the defendant is placed in custody, the revocation of the defendant's bond discharges the sureties on the bond, if any, from any future liability on the bond. A discharge under this subsection from any future liability on the bond does not discharge any surety from liability for previous forfeitures on the bond.

TEX. CODE CRIM. PROC. ANN. art. 17.40. Thus, an evidentiary hearing must be held to determine if there has been a violation of a bond condition under this section. *Id.*; *see George E. Dix & John M. Schmolesky*, TEXAS PRACTICE: CRIMINAL PRACTICE AND

8

PROCEDURE § 21:69 (3d ed. 2011) (stating that article 17.40(b) "requires—or recognizes requirements—that a hearing be held and that at the hearing the violation be proved by a preponderance of the evidence."). And, in evaluating the "preponderance of the evidence" to determine if bond conditions should be revoked, the rules of evidence apply. *See* TEX. R. EVID. 101(e)(3)(C); *Ex parte Trevino*, 648 S.W.3d 435, 440 (Tex. App.—San Antonio 2021, no pet.). In the absence of probative evidence sufficient to meet the preponderance of evidence standard, the trial court abuses its discretion in denying bond. *Ex parte Trevino*, 648 S.W.3d at 440.

The State's motion to revoke was not verified or supported by competent evidence. In this regard, the copy of the text message attached to the motion to revoke was neither verified nor authenticated. The trial court did not hold a hearing or consider evidence in support of its decision to revoke bond, and thus could not have found that relator violated the conditions of bond by a preponderance of the evidence. Further, the trial court refused to allow relator to present argument or evidence regarding the alleged violation of bond. *Cf. Ex parte Sellers*, 516 S.W.2d 665, 666 (Tex. Crim. App. 1974) (concluding that the trial court committed error by refusing "to hear the evidence proffered by the appellant" regarding the excessiveness of the bail ordered); *see In re Christensen*, 39 S.W.3d 250, 251 (Tex. App.—Amarillo 2000, orig. proceeding) ("Fundamental requirements of due process mandate an opportunity to be heard."). We conclude that the trial court failed in its ministerial duty to follow the mandatory language of the code of criminal procedure. *See, e.g., In re Leger*, 598 S.W.3d 469, 471 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) ("Under the mandatory language of this provision, a trial court has a

9

ministerial duty to dismiss the underlying criminal charges against a defendant upon completion of his term of deferred adjudication community supervision."). Further, the order at issue is not subject to interlocutory review, and accordingly, relator lacks an adequate remedy by appeal. *See Ex parte Carter*, 621 S.W.3d 355, 357 (Tex. App.—San Antonio 2021, no pet.).

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has met his burden to obtain relief, in part, as stated here. Specifically, relator has asked that we order the trial court to release him from custody and to hold a hearing regarding the alleged violation of his bond. In the absence of a more complete record regarding the alleged underlying offense, the allegations in the motion to revoke, and other conditions of bond, we decline to order relator to be released, but we do order the trial court to immediately provide notice and hold an evidentiary hearing regarding the revocation of bond. *See, e.g.*, *United States v. Bowdach*, 561 F.2d 1160, 1166 (5th Cir. 1977) ("Due process is satisfied by the granting of a hearing immediately after the person is brought into custody in order to determine whether the bond should be permanently revoked."); *cf. Ex parte Shockley*, 683 S.W.2d 493, 495 (Tex. App.—Dallas 1984, pet. dism'd) (explaining that defendant's remedy in response to an ex parte order is to file application for writ of habeas corpus alleging excessive bail where he will be granted his constitutional rights to notice and a hearing).

Accordingly, we conditionally grant the petition for writ of mandamus, in part, as stated herein. We are confident that the trial court will act promptly in accordance with

10

this opinion, and our writ will issue only if the trial court fails to comply. We deny the petition for writ of mandamus, in part, as to all other relief requested.

DORI CONTRERAS
Chief Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
13th day of January, 2023.

11